Stephen J. Tully, SBN 112390 (stully@garrett-tully.com)
Natalia M. Greene, SBN 207370 (ngreene@garrett-tully.com)
GARRETT & TULLY, P.C.
4165 E. Thousand Oaks Blvd., Suite 201
Westlake Village, CA 91362-3839
Telephone: (805) 446-4141 Facsimile:  (805) 446-4135

Attorneys for Defendant Stonefield Josephson, Inc.

Andres Rivero, FL SBN 613819 (arivero@rmc-attorneys.com)
Jorge Mestre, FL SBN 088145 (jmestre@rmc-attorneys.com)
RIVERO MESTRE & CASTRO
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Telephone: (305) 445-2500 Facsimile: (305) 445-2505

Attorneys for Plaintiff Rica Foods, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICA FOODS, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STONEFIELD JOSEPHSON, INC., a California corporation,<br><br>　　　　　Defendant. | CASE NO.  CV09-06518-GW(CWX)<br>(Hon. George H. Wu)<br><br>**ORDER REGARDING STIPULATED PROTECTIVE ORDER**<br><br>[Lodged Concurrently With [[Proposed] Stipulated Protective Order] |

## ORDER

After considering the Stipulated Protective Order ("Protective Order"), and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.　　This Protective Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or otherwise disclosed ("Produced") in the above-captioned action (the "Action") that is designated by the producing party as "Confidential" (as defined in ¶ 3 below) ("Confidential Information").  The Court hereby enters the following Protective Order governing the

1

designation and treatment of Confidential Information, as agreed upon by all the parties to this Action.

2.     "Confidential Information" means any documents, testimony, or information that the producing party in good faith designates as "Confidential" and represents to be properly the subject of a protective order pursuant to Federal Rules of Civil Procedure Rule 26.

3.     A producing party shall designate a document or information, or a portion of a document or information, as "Confidential" only if it has good faith belief that the designated portion of the document or information is private personal information, trade secrets, or constitutes non-public commercial, financial, research, development, technology, business planning, or other proprietary information.

4.     A producing party shall designate Confidential Information in the following manner:

a.  At the time of Production, a document containing Confidential Information shall be so designated by marking each page containing Confidential Information with the legend "CONFIDENTIAL," and the producing party shall contemporaneously notify the recipient in writing which portions (designated by document control number) of the Produced document or information has been so designated.

b.  Any response to an interrogatory or request for admission that contains Confidential Information shall be so designated by imprinting or affixing "CONFIDENTIAL" next to or above the response.

c.  Any of the parties may designate as containing Confidential Information any testimony at a deposition or hearing, transcript pages, or exhibits that contain Confidential Information by stating either designation on the record at the deposition or hearing, or by written notice to counsel for the opposing parties no later than fifteen (15) days after the receipt of the transcript of the deposition or hearing.

///

2

d.  Any of the parties may designate as containing Confidential Information testimony that is not transcribed by written notice to counsel for the opposing parties no later than thirty (30) days after the testimony is given.  Regardless of whether any of the parties designates as containing Confidential Information testimony that is not transcribed, all testimony that is not transcribed shall be treated as Confidential Information until fifteen (15) days after the testimony is given.

5.   A non-party witness may designate any document which it is producing and which it believes contains confidential or proprietary business information and/or trade secrets as "Confidential" pursuant to the terms of this Protective Order by stamping it with such designation as detailed in Paragraphs 3 and 4 of this Protective Order.

6.   Documents, testimony, or information obtained through discovery in this Action, which is designated as Confidential Information, may be used or disclosed solely for the prosecution or defense of this Action or any other action which arises out of the professional services rendered by Stonefield Josephson, Inc. to Rica Foods, Inc.

7.   A receiving party may disclose materials designated as "Confidential" only to:

a.  A party, director, partner, in house counsel, officer or employee with knowledge of the facts underlying this matter of a party to this Action;

b.  Counsel of record including counsel admitted pro hac vice for the parties or agents of such counsel, including professional or non-professionals assisting with the litigation of this matter;

c.  Independent experts and consultants who are providing advice in connection with the litigation or trial preparation of trial of this litigation;

d.  A non-party witness at any interview, deposition, hearing or trial in this Action;

e.  A court reporter or videographer recording testimony in this action;

3

f.   The court and its employees whose duties require access to the Confidential Information and jurors in this case;

g.   Any mediator or settlement master appointed by the Court or agreed to by the parties;

h.   Any other person only upon further express order of the Court or written consent of the producing party; or

i.   Any trier of fact, including the judge and jury.

8.     Inadvertent failure to designate documents or other materials as Confidential Information at the time of production shall not waive a party's right to later make such a designation.  However, no party shall be deemed to have violated this Order, if, prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation.  Once such a designation has been made, however, the relevant documents or materials shall be treated as confidential in accordance with this Order.

9.     Subject to paragraph 12 hereof, the terms of this Protective Order apply to any Confidential Information produced before or after it is entered, and the terms of this Protective Order shall be binding upon the parties to this Action and their counsel, as well as on any deponents or witnesses in this Action and their counsel.

10.     If during the course of a deposition taken in this Action any questions are to be asked or any answers are to be given containing Confidential Information or regarding any material designated "Confidential," then only persons designated in paragraph 7(a), 7(b) and 7(c), the deponent (and the deponent's counsel in the case of a separately represented non-party), and the court reporter and/or videographer shall be allowed to be present during such portion of the deposition, and that portion of the deposition shall be designated "Confidential."  This paragraph shall not be deemed to authorize disclosure of any Confidential Information to any person to whom disclosure is prohibited under this Order.

11.     All parties and their attorneys and all deponents and trial witnesses

4

and their attorneys shall take all necessary and proper steps to preserve the confidentiality of all Confidential Information. The designated material shall not be disclosed to anyone other than in connection with the above-captioned action or any other action which arises out of the professional services rendered by Stonefield Josephson, Inc. to Rica Foods, Inc., and shall not be disclosed by the recipient to anyone other than those persons designated in paragraph 7. If material so designated is disclosed to any person other than in the manner authorized in this Order, the party responsible for the disclosure will immediately, upon learning of such disclosure, inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such materials.

12.    Before any disclosure of Confidential Information to any individual or entity identified in sub-paragraphs 7(c) , (d), and (h) above, that individual or entity will be given a copy of this Protective Order and shall acknowledge in writing, in the form of the "Declaration and Undertaking" attached as Exhibit "A" hereto, that he or she has received a copy of this Protective Order, has reviewed it and understands it, and will comply with its terms in all respects. If any such person or entity refuses to sign such Declaration and Undertaking, all parties hereto, through their counsel of record, agree to support any application to the Court that such witness be compelled to abide by the terms of this Protective Order and/or that such witness be excused from signing this Protective Order if the Court so determines. The named counsel of record who have secured such a Declaration and Undertaking from any individual or entity shall maintain it in his/her files until the conclusion of this action, including any appeals. Absent the counsel of record's consent, a Declaration and Undertaking may be discovered only by order of the Court for good cause shown, on written notice to the Court.

13.    In no event shall Confidential Information be left in the possession of the witness. To the extent a witness testifies regarding such documents, counsel may

direct that any exhibits to the deposition transcript designated as Confidential be excluded from the copy of the deposition transcript provided to the deponent.

14.     The inadvertent, unintentional, or in camera disclosure or production of designated and undesignated documents and information contained therein shall not be deemed a waiver, in whole or in part, of any party's claims of attorney-client or attorney work product privilege, provided that the producing party, within a reasonable time, notifies the receiving party of its claim of privilege.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies.  The producing party must preserve it pending a ruling by the Court.

15.     Nothing in this Protective Order shall be construed to prevent a party to this Action from opposing the designation of materials to be delivered as "Confidential."  A party opposing the designation of materials to be delivered as "Confidential" shall serve a written objection, including a statement of the ground for objection, on the producing party.  The producing party will have ten (10) days following the receipt of the objection to withdraw its "Confidential" designation.  If the "Confidential" designation is not withdrawn, the objecting party may move the Court for an order removing the designation.  The party claiming confidentiality shall bear the burden of establishing that the material in question in fact warrants protection under the terms of this Protective Order.  Until an objection has been resolved by agreement of counsel, or in the event a motion has been filed as prescribed above, by order of the Court, the designated material shall be treated as Confidential Information and used only in accordance with the limitations set forth in this Order.

16.     If at any time any Confidential Information is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall as permitted by law give written notice to counsel for the designating party that such a request has been received.  The written notice shall include the date of any proposed disclosure of such Confidential Information and such

6

other information necessary to permit the designating party to intervene and oppose the disclosure of Confidential Information in response to that request.  It shall be the obligation of the designating party to obtain a court order or other lawful relief to preclude or restrict production of any Confidential Information requested pursuant to a subpoena or other compulsory process.

17.   No party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of any Confidential Information as Confidential under this Protective Order is improper or suspicious way that any adverse inferences may be drawn from such designation.

18.   Subject to paragraph 6 hereof, no later than sixty (60) days following the conclusion of all proceedings in this litigation, including but not limited to any appeals, all Confidential Information received by any party, regardless of the form in which the information has been stored, recorded, or preserved, shall, upon written request by the producing party, be either returned to the producing party or destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the producing party, provided that counsel of record retain for its files, subject to the continuing strictures of this Protective Order, copies of pleadings, affidavits, briefs, and memoranda filed in this proceeding, transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action.

19.   This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel and impose sanctions for any violation.  This Protective Order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Protective Order.

**IT IS SO ORDERED.**                    *Carla M. Woehrle*

7

DATED: July 7, 2010

_____
THE HONORABLE CARLA M. WOEHRLE
UNITED STATES MAGISTRATE JUDGE

Submitted by:


_____
NATALIA M. GREENE, ESQ.
Attorneys for Stonefield Josephson, Inc.

WP version Stipulated Protective Order.wpd          **[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**